```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LANCER INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | NO. 14-4201 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE MUTUAL INSURANCE, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                             June 9, 2015

This action results from an underlying lawsuit involving a car accident. Lancer Insurance Company, the plaintiff here, is the insurer of the defendants in the underlying lawsuit. In this case, Lancer seeks a declaratory judgment that two other insurance companies – Harleysville Mutual Insurance and American Alternative Insurance – also owe coverage to those defendants, and must therefore defend and indemnify them in the underlying lawsuit. Those insurance companies have moved for judgment on the pleadings. For the reasons that follow, the Court will deny the motion, but sua sponte dismiss the action without prejudice.

I.  BACKGROUND AND PROCEDURAL HISTORY[1]

Defendant Kenneth Propst allegedly owns several companies, including: Defendant Archbald Vanpool, Inc. ("AVP"), which is insured by Plaintiff Lancer Insurance Company ("Lancer"); Buy Rite Service Center ("Buy Rite"), an auto repair shop insured by Defendant Harleysville Mutual Insurance ("Harleysville"), where Propst allegedly services the vehicles owned and operated by his various businesses; Propst Bussing and Transporation Co., Inc. ("PBT"), which is insured by Defendant American Alternative Insurance Company ("American"); and others. Compl. ¶¶ 15-24, ECF No. 1.

In 2011, Propst was involved in a single-vehicle accident, with Defendant Lori Trojanowicz riding as his passenger. Compl. ¶¶ 11-12. As a result of injuries she claims to have sustained in the accident, Trojanowicz filed a civil action ("the underlying lawsuit") against Propst, AVP, and Ford Motor Company (which is not a party to the instant case) in the Court of Common Pleas of Lackawanna County, Pennsylvania, where the accident occurred. See Lackawanna County Civil Action, Compl. Ex. 1, ECF No. 1-1.

Trojanowicz alleges in the underlying lawsuit that Propst and/or AVP owned the vehicle involved in Propst's

---

[1] Disputed facts are construed in favor of Lancer, the nonmoving party.

accident, which occurred in the course and scope of Propst's employment with AVP. Id. ¶¶ 9-12. She further alleges that the accident was caused by a defective rear axle that Propst and/or AVP knew or should have known about, and that Propst and/or AVP negligently failed to take appropriate actions to ensure the vehicle's safe operation. Id. ¶¶ 21-29.

On July 10, 2014, Lancer – again, AVP's insurer – filed the instant Complaint for Declaratory Judgment. ECF No. 1. Lancer argues that to the extent that the allegations of the underlying lawsuit include negligence on the part of Propst and/or AVP, they may be entitled to coverage under either or both of the insurance policies issued to Propst entities by Harleysville and American. Lancer believes that Buy Rite is the alter ego of Propst and/or AVP. Compl. ¶ 22. Accordingly, Lancer "seeks a declaration whether either or both the [Harleysville] policy and/or the [American policy] provides such coverage to Propst and/or to AVP for the underlying lawsuit," Compl. ¶ 27, including a declaration that Harleysville and American "are required to defend and indemnify Propst and/or AVP in the underlying lawsuit," id. at 5.

American filed an Answer. ECF No. 25. Nationwide Mutual Insurance Company ("Nationwide") – Harleysville's successor by merger – also filed an Amended Answer, as well as a Counterclaim/Crossclaim for Declaratory Judgment against Lancer,

3

American, Propst, AVP, and Trojanowicz. ECF No. 33. Nationwide seeks a declaratory judgment that it owes no obligation to defend and/or indemnify Propst and/or AVP in the underlying lawsuit or, in the alternative, that the Harleysville policy is excess to all liability insurance available to Propst and/or AVP. Nationwide Answer 21.

Nationwide filed a Motion for Judgment on the Pleadings. ECF No. 26. Lancer filed a brief in opposition, ECF No. 28, and Nationwide filed a reply brief, ECF No. 34. American joined Nationwide's Motion for Judgment on the Pleadings, ECF No. 27. Lancer then filed an opposition noting the distinctions between Nationwide and American, ECF No. 29, and American filed a reply brief, ECF No. 30. The motion is now ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate only if the moving party "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980) (citation omitted). In reviewing a

Rule 12(c) motion, a court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).

When a party's Rule 12(c) motion is "based on the theory that the plaintiff failed to state a claim," the motion "is reviewed under the same standards that apply to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 146-47 (3d Cir. 2013). In order to withstand a motion to dismiss, a complaint must include factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Satisfying that standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Rather, the pleadings "must contain sufficient factual matter, which if accepted as true, states a facially plausible claim for relief." Caprio, 709 F.3d at 147. A claim possesses such plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

5

**III. DISCUSSION**

Nationwide makes several arguments, the first of which – that Lancer lacks standing to bring this claim – is dispositive.[2]

The Declaratory Judgments Act permits a district court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). To gain Article III standing, which is required in order to establish a justiciable case or controversy, a plaintiff must identify "(1) a cognizable injury that is (2) causally connected to the alleged conduct and is (3) capable of being redressed by a favorable judicial decision." Williams v. BASF Catalysts LLC, 765 F.3d 306, 327 (3d Cir. 2014) (quoting Pa. Family Inst., Inc. v. Black, 489 F.3d 156, 165 (3d Cir. 2007)) (internal quotation marks omitted). However, "[e]ven when a case falls within these constitutional boundaries, a plaintiff may still lack standing under the prudential principles by which the judiciary seeks to . . . limit access to the federal courts to those litigants best suited to assert a particular claim." Gladstone Realtors v. Vill. of Bellwood, 441 U.S. 91, 99-100 (1979). In order to establish prudential standing, a plaintiff

---

[2] Accordingly, the Court need not consider the merits of Nationwide's remaining arguments.

6

must show, among other things, that she is asserting her "own legal interests rather than those of third parties." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985).

Here, Lancer lacks prudential standing because it seeks a declaration about third parties' legal interests rather than its own. Notably, Lancer has not requested such remedies as reimbursement or equitable contribution.[3] See Transp. Ins. Co. v. Pa. Mfrs.' Ass'n Ins. Co., 641 F. Supp. 2d 406, 411-12 (E.D. Pa. 2008) (holding that an insurance company had standing to seek a declaratory judgment that it was entitled to a share of indemnification or equitable contribution from another insurance company), rev'd on other grounds, 346 F. App'x 862 (3d Cir. 2009). Rather, Lancer has requested a declaration that Propst and/or AVP are covered by the Harleysville and/or American insurance policies, and that such coverage requires Harleysville and/or American to defend and indemnify Propst and/or AVP in the underlying lawsuit. In other words, Lancer requests a declaration about what other insurers are required to do for

---

[3] Lancer does argue in its brief opposing the Motion for Judgment on the Pleadings that it is entitled to equitable contribution, but apparently only in response to Nationwide's argument that Lancer is not so entitled, because nowhere does the Complaint for Declaratory Judgment mention equitable contribution, or contribution of any kind. In the Complaint, Lancer seeks only "a declaration whether either or both the Buy Rite policy and/or the policy issued by American Alternative provides such coverage to Propst and/or to AVP for the underlying lawsuit." Compl. ¶ 27.

7

their insureds, not about what they are required to do for Lancer. See Wausau Ins. Cos. v. Indem. Ins. Co. of N.A., No. 90-0722, 1990 WL 82085, at *1 (E.D. Pa. June 11, 1990) (holding that plaintiff insurance company had no standing to seek a declaration that another insurance company could not deny coverage to third parties on a separate policy, even though that denial of coverage induced a third party to seek coverage from the plaintiff). Plainly, therefore, Lancer is asserting the legal interests of third parties rather than its own, and thus has no standing to pursue this claim. See Am. Safety Indem. Co. v. Fairfield Shopping Ctr., LLC, No. 12-2415, 2014 WL 6607940, at *5 (N.D. Ala. Nov. 20, 2014) ("In sum, American Safety seeks a determination of coverage under an insurance policy to which it is a complete stranger and as to which there is no coverage dispute between the actual parties. Under these circumstances, there is no justiciable controversy between [the insurance companies], and the district court is without subject matter jurisdiction . . . .").[4] Nor can the Court declare the respective

---

[4] Lancer points to United Services Auto Association v. Royal-Globe Insurance Company, 511 F.2d 1094 (10th Cir. 1975), in which the Tenth Circuit held that the insurer of the driver of a rented car had standing to seek a declaratory judgment that the insurer of the rental company was responsible to defend and indemnify the driver in a suit arising out of an accident involving the driver. Id. at 1096. That court, however, did not appear to consider the necessity for prudential standing, and in support of its conclusion, cited only one case, Lumbermens Mutual Casualty Company v. Iowa Home Mutual Casualty Company,

obligations of the various parties under a hypothetical set of facts in which Propst and/or AVP make future claims again Nationwide. Williams, 765 F.3d at 327.

Therefore, Lancer has not presented the Court with a justiciable controversy, and so the Court has no subject matter jurisdiction over this claim. Under these circumstances, the claim must be dismissed without prejudice, as such a dismissal is not a decision on the merits. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999); Carlsberg Res. Corp. v. Cambria Sav. and Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977). Accordingly, the Court will deny the Motion for Judgment on the Pleadings, but sua sponte dismiss the case without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Nationwide and American's Motion for Judgment on the Pleadings, but dismiss the case without prejudice. An appropriate order follows.

---

405 P.2d 160 (Okla. 1965). Lumbermens was an attempt by one insurer to recover against another insurer the amount paid in settling a third party's claims. As discussed above, that situation is plainly distinct from what Lancer seeks to do here, and a decision that there is standing in such a case does not provide support for the proposition that an insurer can seek a declaratory judgment regarding another insurer's rights as to a third party rather than as to the first insurer.